## Spatzer v. Spatzer

*H. J. Stutzman*, for libellant.

HOUCK, J., June 1, 1936.—The master has recommended a decree in divorce, but the report is not yet in proper form. The order appointing the master is not attached to the record: a certified copy is attached. The record paper is the one actually signed by the court, and this should be attached to the report. There is noncompliance with Rule 123. This provides, inter alia:

"The testimony when written out shall be read to the witness by the master and subscribed by each witness, unless such signing be waived by the parties, of which the master shall make a note."

The testimony is not signed and subscribed by each witness, and the master has made a note that the signing was waived. The difficulty is that it was not waived by the respondent. She did not appear at the hearing. Consequently "the parties" could not agree to waive the signing of the testimony. Where the proceeding is ex parte, as here, meticulous care should be exercised and the requirements of the rules fully met. The report will be remanded to the master for the necessary corrections.

And now, June 1, 1936, the report is remanded to the master for further action in accordance with the views expressed in this opinion.